## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH MOORE
2793 N. Charlotte Street
Gilbertsville, PA 19525

    *Plaintiff,*

    vs.

LOWER FREDERICK TOWNSHIP
53 Spring Mount Road
Schwenksville, PA 19473

    and

DAVID MILLIGAN
53 Spring Mount Road
Schwenksville, PA 19473

NO._____

(Related Case No. 20-05920-RBS)

CIVIL ACTION

JURY TRIAL DEMANDED

## COMPLAINT

    Plaintiff, Joseph Moore (hereinafter referred to as "Plaintiff"), by and through his under-signed counsel, hereby avers as follows:

## I. Introduction

    1.    Plaintiff initiates this action to redress violations by Defendants of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq*.), 42 U.S.C. § 1981 through §1983, First-Amendment protections, and the Pennsylvania Human Relations Act ("PHRA - 43 Pa. C.S. §§ 951 *et. seq*.)[1]. Plaintiff asserts herein that he was unlawfully subjected to post employment retaliation in violation of these statutes.

---

[1] This reference is for notice purposes only. Plaintiff intends to amend this pleading to incorporate a claim under the PHRA at the expiration of the statutory one year waiting period.

## II.   Jurisdiction and Venue

2. This Court may properly maintain personal jurisdiction over Defendants because Defendants☒contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. State of Washington, 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to a federal law(s). The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as his federal claims herein.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because each Defendant conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.   Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult who resides at the above-captioned address.

7. Lower Frederick Township ("Defendant Township") is a township in Montgomery County, Pennsylvania. This municipality occupies approximately 8 square miles.

8. David Milligan (hereinafter "Defendant Milligan") is a police officer employed by Defendant Township as of the date of this complaint.

9.At all times relevant herein, each Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

## IV.   <u>Factual Background</u>

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff is currently litigating a case against Defendant Lower Frederick Township in this Court at No. 20-05920-RBS ("the related case").

12.     The allegations in the operative pleading of the related case are incorporated herein by reference.

13.     This Court previously issued an opinion on March 4, 2022 addressing some of Plaintiff's claims in the related case. *See* Case No. 20-05920-RBS at <u>ECF Doc. 16</u>.

14.     For purposes of background, Plaintiff is alleging, *inter alia,* civil rights violations, discrimination and retaliation in the related case under various statutes, including a claim that he was terminated from his position at the Dept. of Treasury, Internal Revenue Service because of unlawful retaliation by the Defendant and its police chief Paul E. Maxey.

15.     Plaintiff amended his complaint in the related case to incorporate the post-employment retaliation allegations and claims on February 23, 2023.

16.     On or about February 27, 2023, **only four days after filing an amended pleading in the related case alleging post-employment retaliation**, it came to Plaintiff's attention that his former colleague, Ryan Fields, was effectively threatened about testifying on his behalf by Defendant Corporal David Milligan, who is currently employed by the police department.

17.     Mr. Fields executed an affidavit attesting to the same, which is incorporated herein by reference. *See attached* Exhibit "A" (Certification of Ryan Fields Dated March 21, 2023).

18.     By way of background, Mr. Fields is a witness in the related case and provided another earlier affidavit regarding the allegations in that lawsuit. *See* Exhibit "B".

19.     Mr. Fields went to the police department on or about February 27, 2023 to obtain copies of certifications he believed were on file from his time there as an employee.

20.     As Mr. Fields' March 21, 2023, affidavit states, Cpl. Milligan told Mr. Fields "the Chief is gonna come back at you and Joe." Cpl. Milligan also told Fields that if he did not "disengage" from testifying on Plaintiff's behalf, the Chief could "sue" him. *See* Exhibit "A".

21.     These statements by Cpl. Milligan were made prior to Fields being deposed in the related case.

22.     Fields perceived these actions as a threat according to his affidavit. Id.

23.     During discovery in the related case, it was discovered that Cpl. Milligan prepared a "memorandum" to Chief Paul Maxey allegedly on February 27, 2023.

24.     In that "memorandum", Cpl. Milligan admitted:

   i.     he knew depositions were planned in the related case;

   ii.    that he told Fields he was aware of the previous affidavit he prepared for the related case;

   iii.   that he told Fields that Plaintiff's claims in the related case were untrue;

   iv.    that he allegedly questioned why Fields did not report an alleged ticket quota system (as alleged in the related case) to the district attorney or the Office of the Attorney General;

    v.      that he told Fields information about Steve Rinker (another police officer who provided information in the related case and an individual who has also filed a charge of discrimination against the Township) in attempt to falsely undermine Rinker's credibility;

25.    Cpl. Milligan's actions were outright witness intimidation, tampering and/or unlawful post-employment retaliation against Plaintiff for the related case and his engagement in protected activity in violation of federal and state law.

**COUNT I**
**<u>Violations of 42 U.S.C. § 1981 through 42 U.S.C. §1983</u>**
**([1] Retaliation (2) Failure to Train)**
**- Against All Defendants -**

26. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27. Plaintiff has underlying claims under §1981 in the related case.

28. Defendant Township had a policy permitting Cpl. Milligan to continue to carry out unlawful actions during his employment as referenced herein.

29. Specifically, Defendant Township had an unlawful policy of, *inter alia*:

    a. Failing to take any remedial measures to address Defendant Milligan's retaliatory behavior;

    b. Continuing to employ Milligan notwithstanding retaliatory comments made by him in the workplace to Mr. Fields;

    c. Allowing Cpl. Milligan to attempt restrict the free speech rights of former employees, such as Ryan Fields;

    d. Allowing Cpl. Milligan to use his position and influence to attempt to negatively impact the lawsuit of Plaintiff in an unlawful manner;

30.These failures to act on the part of the police department amount to deliberate indifference.

31.The actions of Defendants also constitute unlawful retaliation.

32.There is an affirmative link between these policies and the injuries suffered by Plaintiff herein because:

> a.Defendant Township failed to take precautions against future violations and

> b.This failure at least in part led to Plaintiff's injuries. *See* Estate of Roman v. City of Newark, 914 F.3d 789, 798 (3d Cir. 2019).

> c.Defendant Township's failure to train Cpl. Milligan is the clear proximate cause of Plaintiff's injuries in this action.

33.Alternatively, pursuant to Fed.R.Civ.P. 8(d)(2), the Defendant Township had an **unlawful custom** in that it ratified a course of conduct that, while not authorized by law, was so permanent and well settled to virtually constitute law. *See e.g.* Mulholland v. Gov't Cnty. of Berks, Pa., 706 F.3d 227, 237 (3d Cir. 2013).

34.For a custom claim, "[a] plaintiff **does not need to identify a responsible decisionmaker in his pleadings, and a plaintiff is not required to prove that the custom had the municipality's formal approval**." Kilgarriff v. Strunk, 2019 U.S. Dist. LEXIS 55168, at *9 (D.N.J. Mar. 31, 2019) (**emphasis added**).

35.These actions as aforesaid constitute violations of § 1981 through §1983. Defendant Milligan is personally liable for such actions as he directly engaged in the retaliatory acts as set forth in this Complaint.

36.In addition, or in the alternative pursuant to Fed.R.Civ.P. 8(d)(2), Plaintiff pursues a standalone §1981 claim against Defendant Milligan.

**COUNT II**
**First Amendment Violations**
**(Retaliation)**
**- Against All Defendants -**

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Plaintiff expressed opposition and complained that Chief Maxey was engaging in unlawful, unconstitutional, and statutorily prohibited practices as outlined in the related case. These complaints were made by Plaintiff as a citizen and about matters of public concern.

39. Furthermore, this related case is also "protected activity" in the form of a petition protected by the First Amendment. [2]

40. Complaints about improper and/or unlawful workplace practices are legally protected First Amendment Speech, prohibiting retaliation. *See e.g. Russo v. City of Hartford*, 341 F. Supp. 2d 85, 96 (D. Conn. 2004)(Denying summary judgment and explaining "[t]here can be no doubt that [the plaintiff☒ communication . . . as it concerned alleged unlawful practices of the Hartford Police Department, constitutes "speech on a matter of public concern."); *Swear v. Lawson*, 288 F. Supp. 3d 669, 680 (E.D. La. 2018)(denying summary judgment and explaining that First Amendment claims by a police officer premised upon internal complaints by him of officer misconduct and an improper quota system are matters of public concern outside of his normal job duties); *Griffin v. City of N.Y.*, 880 F. Supp. 2d 384, 388 (E.D.N.Y. 2012)(denying motion to dismiss and finding protected speech where police officer complained of pressures to improperly handle investigation); *Dahlia v. Rodriguez*, 735 F.3d 1060, 1075 (9th Cir. 2013)(reversing district court and

---

[2] Vollette v. Watson, 978 F. Supp. 2d 572 (E.D. Va. 2013) (seemingly concluding that a lawsuit is a "petition" protected by the First Amendment.)

explaining a police officer engages in protected activity anytime he raised concerns of departmental misconduct.

41. Attempts to intimidate a witness on account of Plaintiff's protected First Amendment Speech constitute violations of his First Amendment right to be free from retaliation.[3]

42. A public employee's speech involves a matter of public concern if it can be fairly considered as relating to **any** matter of political, social or other concern to the community. Brennan v. Norton, 350 F.3d 399, 412 (3d Cir. 2003); *see also* Tao v. Freeh, 27 F.3d 635, 640, (D.C. Cir. 1994) (holding that a claim implicated matters of public concern and was "broader than an individual employee personnel grievance" when it involved a "protest" against discrimination allegedly occurring against all Chinese-Americans in the employee's unit); Rode v. Dellarciprete, 845 F.2d 1195, 1201 (3d Cir. 1988) (complaint of racial harassment voiced to reporter involved matter of public concern); Bedford v. Se. Pa. Transp. Auth., 867 F. Supp. 288, 295 (E.D. Pa. 1994) (Waldman, J.) (…Had plaintiff publicly complained of sexual harassment, her statement clearly would relate to a matter of legitimate public concern.); Czurlanis v. Albanese, 721 F.2d 98, 104 (3d Cir. 1983) (Third Circuit determined that a public employee spoke on matters of public concern when he sought to bring to light actual or potential wrongdoing or breach of the public trust by certain public officials.)

43. Defendant's Milligan's actions (effectively ratified by Defendant Lower Frederick Township), in engaging in unlawful witness intimidation as a form of post-employment retaliation and First Amendment retaliation, constitute a constitutional violation and harm.

---

[3] To the extent this Court addresses or determines that part or all of Plaintiff's Claims in this Count of his Complaint must be pursued through 42 U.S.C. § 1983, Plaintiff brings such claims under § 1983.

**COUNT III**
**The Pennsylvania Whistleblower Law (the "PWL" - 43 P.S. §§ 1421 *et. seq.*)**
**(Retaliation)**
**- Against All Defendants -**

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. In the related case, Plaintiff made several "good faith report[s]" of "wrongdoing" as defined under the Pennsylvania Whistleblower Act (hereinafter "the Act") to his "employer" or a "public body." *See* 43 P.S. § 1442. Such actions included but were not limited to reports and complaints of unlawful departmental conduct, unconstitutional conduct, and statutorily prohibited discriminatory conduct.

46. Milligan's attempts to intimidate a witness in the related case constitute further retaliation under the Act in violation of 43 P.S. § 1423.

47. Specifically, that statute states "[n]o employer may discharge, **threaten** or otherwise discriminate or **retaliate** against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste by a public body or an instance of waste by any other employer as defined in this act." *See* 43 P.S. § 1423 (**emphasis added**).

48. Plaintiff timely brings this "civil action" within "180 days" after the occurrence of the retaliation pursuant to 43 P.S. § 1424.

**COUNT IV**
**Violations of Title VII of the Civil Rights Act**
**(Further Post-Employment Retaliation)**

**- Against Lower Frederick Township-**

49.The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50.Plaintiff filed an administrative charge with the EEOC on or about March 22, 2023 and received a right to sue letter with a mailing date of April 20, 2023.

51.Plaintiff has satisfied administrative remedies as to his Title VII claims.

52.Defendant Lower Frederick Township engaged in unlawful post-employment retaliation against Plaintiff allowing Defendant Milligan to intimidating witnesses in the related action because of his protected activity.

53.Post-employment retaliation is unlawful under Title VII of the Civil Rights Act. *See* Charlton v. Paramus Bd. of Educ., 25 F.3d 194, 200 (3d Cir. 1994) ("Congress did not intend Title VII's protection against retaliation to end with termination of employment when it is the termination itself that gives rise to the protected act of filing a Title VII action."); Robinson v. Shell Oil Co., 519 U.S. 337, 346, 117 S. Ct. 843, 136 L. Ed. 2d 808 (1997) ("It being more consistent with the broader context of Title VII and the primary purpose of § 704(a), we hold that former employees are included within § 704(a)'s coverage."); Lin v. Rohm and Haas Co., 301 F. Supp. 2d 403, 404 (E.D. Pa. 2004) ("The anti-retaliation provisions of Title VII provide former employees with a legal recourse against post-employment retaliation.").

54.These actions as aforesaid constitute violations of Title VII of the Civil Rights Act.

55.Plaintiff has suffered damages as set forth more fully herein.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A.      Defendants are to be prohibited from continuing to maintain their illegal policies, practices, or customs of retaliating against employees and are to be ordered to promulgate

an effective policy against such discrimination/retaliation and to adhere thereto (awarding Plaintiff such injunctive and/or equitable relief);

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants☒llegal actions, including but not limited to back pay, front pay, bonuses and

medical and other benefits.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination or retaliation at the hands of Defendants until the date of verdict (in addition to front pay or other equitable relief);

C.      Plaintiff is to be awarded reinstatement with Defendant Township, unless a court determines such a remedy is impractical or impossible; and alternatively, any other damages in lieu of such relief.

D.      Plaintiff is to be awarded punitive damages against Defendant Maxey as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish the individually-named Defendants in this action for their willful, deliberate, malicious and outrageous conduct, and to deter others from engaging in such misconduct in the future;

E.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to emotional distress/pain and suffering damages - where permitted under applicable law(s)).

F.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

G.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

H.     Plaintiff☒claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esq.
W. Charles Sipio, Esq.
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020

Dated: July 19, 2023

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH MOORE** | |
| *Plaintiff,* | |
| vs. | No. 2:20-cv-05920-RBS |
| **LOWER FREDERICK TOWNSHIP** | CIVIL ACTION |
| -and- | |
| **PAUL E. MAXEY,** *in his individual capacity* | |
| *Defendants.* | |

### CERTIFICATION OF RYAN FIELDS

1.    I am an adult individual, and I understand that I am preparing and signing a certification in a federal lawsuit and that I am doing so subject to any penalties of perjury or for false swearing under state or federal law(s). The following statements are true and correct to the best of my knowledge and they are based upon my personal observations and/or knowledge.

2.    I previously signed a witness statement in the above-referenced matter on behalf of Joseph Moore ("Mr. Moore") on or about February 14, 2023.

3.    On or about February 27, 2023, I reported to Defendant Lower Fredrick Township's 53 Spring Mt. Rd. Schwenksville, PA 19473 location to retrieve my field sobriety training certification.

4.    On said date, Corporal David Milligan ("Cpl. Milligan") approached me and confronted me about the aforesaid witness statement I provided.

5.    Specifically, Cpl. Milligan informed me that "the Chief (*i.e.*, Chief of Police Paul

E. Maxey ("Chief Maxey") is gonna come back at you and Joe."

6.     Cpl. Milligan further threatened that Chief Maxey could "sue me" as well because of the "allegations" I was making against him.

7.     Lastly, Cpl. Milligan advised that if I did not "disengage," the Chief could then sue me.

8.     I responded that as a witness, I would testify as to what I knew and found to be true.

9.     I perceived Cpl. Milligan's actions as a threat.

10.     I am now concerned about my safety, and anxious to testify on Mr. Moore's behalf, as a result of Cpl. Milligan's actions.

Ryan Fields

Dated: 3/21/2023

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH MOORE** | |
| *Plaintiff,* | |
| vs. | No. 2:20-cv-05920-RBS |
| **LOWER FREDERICK TOWNSHIP** | CIVIL ACTION |
| -and- | |
| **PAUL E. MAXEY,** *in his individual capacity* | |
| *Defendants.* | |

## CERTIFICATION OF RYAN FIELDS

1.      I am an adult individual, and I understand that I am preparing and signing a certification in a federal lawsuit and that I am doing so subject to any penalties of perjury or for false swearing under state or federal law(s). The following statements are true and correct to the best of my knowledge and they are based upon my personal observations and/or knowledge.

2.      I began working for Lower Frederick Township (the "Township") as an Officer effective June 3, 2019, at the same time Joseph Moore ("Mr. Moore") began his employment as an Officer with the Township.

3.      We were both supervised by Chief of Police Paul E. Maxey ("Chief Maxey").

4.      I worked closely with Mr. Moore during our employment, as we were partners, and felt he was a great Officer for the Township who I trusted and performed his job well.

5.      While employed by the Township, Chief Maxey frequently made racist and sexist comments in my presence. For example, there was a period of time when I confided in Chief

Maxey about some personal issues I was having in a relationship, and he told me to tell my girlfriend "who's boss," and to "take her to counseling," as if women were lesser than men or had mental issues.

6.      Chief Maxey also often spoke about women in a degrading manner and asked me inappropriate sexual questions such as if I had sex, or if I was "banging" a female.

7.      Chief Maxey frequently made racist comments or spoke poorly about individuals who were not Caucasian.

8.      Additionally, Chief Maxey enforced a ticket / arrest quota and demanded that we make what he referred to as "contacts" and issued tickets or made arrests, otherwise we would be disciplined or terminated. This affected my discretion on numerous occasions where the level of an offense warranted only a warning in my professional opinion, but I was forced to issue a ticket in fear of losing my job.

9.      I am aware Mr. Moore made complaints about these actions and requirements, and shortly thereafter was terminated for a ridiculous reason related to a magazine pouch.

10.     Once Mr. Moore was terminated for a completely baseless reason, I was understandably upset that I lost a great partner, but got yelled at by Chief Maxey for speaking about Mr. Moore, and ordered me not to have contact with Mr. Moore. Chief Maxey also requested that I inform him (Chief Maxey) if Mr. Moore did contact me, and to inform Chief Maxey what Mr. Moore said.

11.     Chief Maxey also stated that he would make sure Mr. Moore never got another job in law enforcement in his life.

12.     A few months after Mr. Moore's termination, I unfortunately contracted COVID-19 in September 2020. I was required to quarantine for around 2 weeks, and the Township failed

2

to pay me during that period. Upon my return, I began to experience dizzy spells and thought I had what is commonly referred to as "COVID fog," or a concussion -- as those were the symptoms I was suffering. I took some time out of work to determine what was going on with my health, and my doctor wrote a note requesting two weeks of leave from work, which I submitted to the Township. After two weeks I was cleared by my doctor, and gave the Township a return to work note from my doctor. Upon my preparation for return, I learned the Township changed my schedule and began assigning me to work weekend shifts alone with no back-up or partner (a more unfavorable shift that as a part time department, no Officers were ever required to work as the Township only operated on weekdays). When I complained about this sudden change, and requested some weekends off, Chief Maxey informed me I was not permitted to take a single day off for the remainder of the year because I took time off related to COVID-19.

13.     One day after I returned from my leave, Chief Maxey placed me on administrative leave and accused me of failing to do something that should have been handled by someone else in the Township while I was out on leave.

14.     While out on leave I was informed that "things were looking bad for" me, and that I should resign to avoid being terminated.

15.     I felt that Chief Maxey consistently acted inappropriately and illegally the entire time I was employed with the Township, and I also felt he forced me out of the Township upon me needing time out and accommodations related to my medical conditions.

_Ryan Fields_ _signature_

—————————————————————
Ryan Fields

Dated: 2/14/2022 _____

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Joseph Moore | : | CIVIL ACTION |
| v. | : | |
| Lower Frederick Township, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X )

| 7/19/2023 | _(signature)_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2793 N. Charlotte Street, Gilbertsville, PA 19525

Address of Defendant: 53 Spring Mount Road, Schwenksville, PA 19473

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: 20-05920-RBS          Judge: R. BARCLAY SURRICK          Date Terminated: N/A

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes ☒   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?          Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes ☐   No ☒

I certify that, to my knowledge, the within case ☒ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/19/2023 _____          ARK2484 / 91538
          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒   Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: 7/19/2023 _____          ARK2484 / 91538
          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MOORE, JOSEPH

**(b)** County of Residence of First Listed Plaintiff ___Montgomery___
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

LOWER FREDERICK TOWNSHIP, ET AL.

County of Residence of First Listed Defendant ___Montgomery___
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- **X** 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- **X** 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of the Title VII, Section 1981, First-Amendment Protections and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   **X** Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE  R. BARCLAY SURRICK   DOCKET NUMBER  20-05920-RBS

DATE
7/19/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

| Print | Save As... | Reset |